**IN THE UNITED STATES DISTRICT COURT**  O
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | |
|---|---|
| **EDUARDO PEREZ-GOMEZ** § | |
| *Petitioner*, § | |
| § | **CIVIL ACTION NO. 5:09-cv-51** |
| v. § | **CRIMINAL NO. 5:08-cr-1419-1** |
| § | |
| **UNITED STATES,** § | |
| *Respondent*. § | |

## OPINION AND ORDER

Pending before the Court is Petitioner Eduardo Perez-Gomez ("Perez-Gomez")'s "Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody under 28 U.S.C. § 2255." [Dkt. No. 1].[1] After careful consideration of the Motion, the facts of the case, and the governing law, the Court **DISMISSES with prejudice** Perez-Gomez's Motion.

### I. JURISDICTON

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §2255. Perez-Gomez's motion is timely because it was filed within one year of the date on which his judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1) (2006).

### II. BACKGROUND AND PROCEDURAL HISTORY

On August 13, 2008, U.S. Border Patrol agents encountered Perez-Gomez, a Mexican citizen, walking north along the railroad tracks in Artisia Wells, Texas. [Pre-Sentence Investigation Report ("PSR") ¶ 3]. The agents arrested Perez-Gomez. [*Id.*]. On September 3,

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in case number 5:09-cv-51. Unless otherwise noted, "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:08-cr-1419-1.

2008, a federal grand jury in Laredo, Texas returned a one-count indictment against Perez-Gomez for illegal re-entry after being deported from the United States in violation of Title 8, United States Code, Section 1326 and Title 6, United States Code, Sections 202 and 557. [Cr. Dkt No. 7]. Pursuant to a plea agreement, Perez-Gomez decided to forego trial and entered a plea of guilty before Magistrate Judge Diana Saldana. [Min. Entry 10/16/08; Cr. Dkt. Nos. 17, 18]. The Court directed the Probation Office to prepare a pre-sentence investigation report under the advisory U.S. Sentencing Guidelines to aid it in determining Perez-Gomez's sentence.

In its Pre-Sentence Investigation Report, the U.S. Probation Office determined Perez-Gomez's base offense level to be eight (8) under U.S.S.G. § 2L1.2(a) for illegal re-entry into the United States after deportation. [PSR ¶ 9]. The base offense level was increased by sixteen (16) under § 2L1.2(a)(b)(1)(A) because Perez-Gomez was convicted of possession of a controlled substance for sale in California in 2007. [*Id.* ¶¶ 10, 19]. The Report also noted that Martinez was convicted of possession of a controlled substance for sale in California in 2005. [*Id.* ¶ 18]. After each of these convictions, Perez-Gomez was deported to Mexico. [*Id.* ¶¶ 18-19]. Based on these facts, the Probation Office determined that Perez-Gomez had a total offense level of twenty-one (21) (after subtractive three (3) levels for acceptance of responsibility) and a criminal history category of IV. [*Id.* ¶ 34]. Therefore, the Guidelines called for a sentence of between 57-71 months imprisonment. [*Id.*].

On January 8, 2009, Perez-Gomez appeared before this Court for sentencing. At the sentencing hearing, Perez-Gomez stated "I would just like to apologize for entering the country illegally. I did not imagine the punishment would be so much. And to ask you to please consider a lower sentence. That is all." [Digital Recording of January 8, 2009 Sentencing Hearing at 2:37-2:38 p.m. ("Sentencing Rec.")]. Perez-Gomez's attorney also informed the

Court that Perez-Gomez is the father of a two-year-child and that his two drug possession convictions resulted from his addiction to drugs. [*Id.*]. The Court considered this information along with the PSR. The Court sentenced Perez-Gomez to fifty-seven months imprisonment, three years supervised release, and a $100 special assessment fee. [Min. Entry 1/08/2009; Cr. Dkt. No. 31]. The Court entered an amended judgment on February 19, 2009. [Cr. Dkt. No. 31]. Perez-Gomez did not pursue a direct appeal.

On April 21, 2009, Perez-Gomez filed the Motion now before the Court. [Dkt. No. 1]. The only ground for relief that Perez-Gomez asserts is that "the sentence is overly harsh and pun[i]tive." [Dkt. No. 1 at 5]. Perez-Gomez elaborates:

> I understand and agree that confinement in the federal prison system is appropriate both to deter crime and to meet the needs of society. However, I do not believe the legitimate goals of rehabilitation will be accomplished by my detention for 67 [sic] months. I believe a shorter period of confinement will adequately address both goals of deterrence and the needs of society. I am also a husband and father and my family are deprived of my support and companionship while I am detained.

[*Id.*]. Perez-Gomez lists no other grounds for relief.

## III.   DISCUSSION

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). Generally, § 2255 claims fall under four categories: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir.

1995) (citations omitted). After conducting an initial examination of the petition, the Court must dismiss it if "it plainly appears from the petition and any attached exhibit that the petitioner is not entitled to relief." 28 U.S.C. § 2255; Proc. R. 4(b).

Here, Perez-Gomez's Motion does not raise any claim cognizable under the limited scope of relief under § 2255. Perez-Gomez does not collaterally attack his conviction or sentence as unconstitutional or in excess of the statutory maximum. Rather, Perez-Gomez asserts that his sentence was "overly harsh and pun[i]tive," in essence, that it was unreasonable. [Dkt. No. 1 at 5]. Indeed, it appears Perez-Gomez desires retroactive leniency.

Perez-Gomez's sentence was not unreasonable. The fifty-seven (57) month sentence Perez-Gomez received was at the low end of the Guideline range. Further, the sentence was well below the statutory maximum of twenty (20) years imprisonment. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006) (citation omitted) (stating that "[i]f the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines" and 3553(a)"). The Court considered Perez-Gomez's request for a below guideline sentence. But the Court indicated that it was not granting Perez-Gomez's request for a below-Guidelines sentence because of the defendant's history, as well as to provide just punishment, to afford deterrence, and to promote respect for the law. Specifically, the Court stated,

> It concerns me when I see somebody such as yourself at such a young age who accumulates these kinds of convictions . . . We are not talking here simple possession convictions. . . . You were involved in selling drugs. The short period of time you have been an adult in our country that is what you have been doing . . . This more recent deportation is not your first deportation . . . . [Y]ou were deported back in 2005, even then you came back and instead of trying to work honestly you again engaged in the selling of drugs. Under all the circumstances, and I acknowledge there is a big jump as to what you faced previously as to what

> you are facing now under the guidelines, the Court believes [the guideline range] is an appropriate range because of the history I have here. I will sentence you within the guideline range.

[Sentencing Rec. 2:38-2:39 p.m.]. Indeed, Perez-Gomez had two convictions of possession of a controlled substance with intent to sell within the past four years, the second one in April 2007.

Under these circumstances, Perez-Gomez has not demonstrated that his sentence was unduly harsh and punitive. More importantly, Perez-Gomez has not established a constitutional violation. Accordingly, Perez-Gomez has failed to demonstrate that he is entitled to relief under 28 U.S.C. § 2255.

## IV. CONCLUSION

Based on the foregoing reasons, Perez-Gomez's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**. Additionally, should Petitioner seek one, a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

DONE this 12th day of June 2009, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE